From: The District Court of the Eighth Judicial District. County of Cascade.

STATE OF MONTANA, Plaintiff, vs. DELNESS SORENSEN, Defendant.

NO. 5919-A

## DECISION

The application of the above-named defendant for a review of the sentence of Four years with 6 days jail time credit for Receiving Stolen Property, imposed on February 2, 1970, was fully heard and after a careful consideration of the entire matter it is decided that:

The sentence be and remain as originally imposed.

This crime may be punished by five years imprisonment and if defendant's prior felony convictions had been used against him, the sentence might have been for ten years. The prior felony convictions are two for robbery, and there is a criminal record of lesser offenses. The original charge here was burglary which was reduced to grand larceny and then to receiving stolen property. Also, defendant will be eligible for parole consideration in November, 1970, after being received February 5, 1970. Considering these matters and the presumption that the sentencing judge was correct in his determination, we are unable to say that the sentence was not proper, quite reasonable, and sufficiently lenient in all respects.

This is a companion case to that of Lewis Eugene Clancy, co-defendant, this day decided with the same result.

DATED this 14th day of April, 1970.

SENTENCE REVIEW DIVISION

Philip C. Duncan, Chairman; Paul G. Hatfield, Jack D. Shanstrom.

From: The District Court of the Fifth Judicial District. County of Beaverhead.

STATE OF MONTANA, Plaintiff, vs. ROBERT DIMLER, Defendant.

NO. 1754

## DECISION

The application of the above-named defendant for a review of the sentence of Ten years each on two counts of Robbery to be served concurrently with the last six years of each sentence suspended, with 49 days jail time credit, imposed on November 17, 1969, was fully heard and after a careful consideration of the entire matter it is decided that:

The sentence be and remain as originally imposed.

Defendant committed two crimes of violence, two robberies, each carrying a possible punishment of imprisonment for life or years without limit, and the sentences could have been consecutive with no part suspended. While defendant may have no prior felony convictions, he does have a record of criminal activity. Further, defendant will be eligible for parole consideration in July, 1970, after being received November 18, 1969. In the face of these circumstances and the presumption that the sentencing judge was correct in his determination, we are unable to say that the sentences imposed were not proper, reasonable and lenient. Account has been taken of defendant's honorable military service, his family problems, and related matters, as no doubt did the sentencing judge.

We thank John W. Northey, Esq., of the Montana Defender Project for his assistance to the defendant and to the Court.

DATED this 14th day of April, 1970.

SENTENCE REVIEW DIVISION

Paul G. Hatfield, Chairman; Jack D. Shanstrom, Sid G. Stewart.